FILED

UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

2008 FEB -6 P 1:05

| | | |
|---|---|---|
| EDWARD T. LAIOS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: 1:08cv112 |
| | ) | GBL/BRP |
| MICHAEL ALEX WASYLIK, | ) | |
| | ) | |
| Defendant. | ) | |

## NOTICE OF REMOVAL

Defendant Michael Alex Wasylik ("Defendant"), by counsel and pursuant to 28 U.S.C. § 1441 and 1446, hereby files its Notice of Removal of the Complaint filed against it by Edward T. Laios ("Plaintiff") in the Circuit Court for the County of Fairfax.

In support of this Notice of Removal, Defendant states the following grounds:

1.  On or about January 17, 2008, Plaintiff served a Summons and Complaint upon Defendant. Copies of the Summons and Complaint are attached as Exhibits A and B, respectively. These exhibits comprise all of the pleadings, process and orders served upon Defendant in the Virginia action.

2.  This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. §1332, and is one which may be removed by defendant pursuant to the provisions of 28 U.S.C. § 1441(b) in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000 exclusive of interest and costs. In the Complaint, Plaintiff alleges a Legal Malpractice and Breach of Contract action against Defendant. The Complaint recites at ¶ 1 that Plaintiff is a resident of the District of Columbia and ¶ 2 of the Complaint specifically alleges that Defendant is a Florida resident. The amount in controversy

exceeds $75,000.00 in that it alleges, at ¶¶ 18-19, failure to timely re-file a lawsuit in which the demand asserted losses of $100,000, and in addition the Complaint seeks $350,000 in punitive damages.

    3.    Wherefore, Defendant prays that this action be removed to this Court.

Dated: February 6, 2008　　　　　　　　　　　　Respectfully submitted,

SANDS ANDERSON MARKS & MILLER
A Professional Corporation

_____
Danny M. Howell　　VSB # 30352
1497 Chain Bridge Road, Suite 202
McLean, VA 22101
(703) 893-3600
(703) 893-8484 (facsimile)
dhowell@sandsanderson.com

*Counsel for Defendant*
Michael Alex Wasylik

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 6th day of February, 2008, a true and correct copy of the foregoing Notice of Removal was served via facsimile and first class mail, postage prepaid, upon:

>Joseph R. Mayes
>Alexander C. Graham, Jr.
>Thomas J. McKee, Jr.
>Samuel T. Towell
>WILLIAMS MULLEN
>P.O. Box 1320
>Richmond, Virginia  23218-1320

*Counsel for Plaintiff*

Danny M. Howell

**COMMONWEALTH OF VIRGINIA**
**CIRCUIT COURT OF FAIRFAX COUNTY**
4110 CHAIN BRIDGE ROAD
FAIRFAX, VIRGINIA 22030
703-691-7320
(Press 3, Press 1)

Edward T. Lutes v. Michael Alex Wasylik

CL-2008-0000076

TO:  Michael Alex Wasylik
     4510 Rosehaven Drive
     Wesley Chapel FL 33543

## SUMMONS – CIVIL ACTION

The party upon whom this summons and the attached complaint are served is hereby notified that unless within 21 days after such service, response is made by filing in the Clerk's office of this Court a pleading in writing, in proper legal form, the allegations and charges may be taken as admitted and the court may enter an order, judgment or decree against such party either by default or after hearing evidence.

**APPEARANCE IN PERSON IS NOT REQUIRED BY THIS SUMMONS**

Done in the name of the Commonwealth of Virginia, on Thursday, January 03, 2008.

JOHN T. FREY, CLERK

By: _____
    Deputy Clerk

Plaintiff's Attorney: Thomas J. McKee Jr.

**TRUE COPY SERVED**
DATE: _____
TIME: _____
BY: _____
CERTIFIED SHERIFF
APPOINTED PROCESS SERVER
CIRCUIT

EXHIBIT A

VIRGINIA:

IN THE CIRCUIT COURT FOR THE COUNTY OF FAIRFAX

**FILED**
JAN 2 2008
JOHN T. FREY
Clerk of the Circuit Court
of Fairfax County, VA

| | |
|---|---|
| EDWARD T. LAIOS, | ) |
| Plaintiff, | ) |
| v. | ) Case No.: ____ |
| MICHAEL ALEX WASYLIK, | ) 2008 00076 |
| Serve at:  2510 Roschaven Drive | ) |
| Wesley Chapel, FL 33543 | ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff Edward T. Laios ("Laios"), by counsel, provides the following for his complaint against defendant Michael Alex Wasylik ("Wasylik"):

### THE PARTIES

1. Edward T. Laios is a resident of the District of Columbia.

2. Upon information and belief, Wasylik is a resident of Wesley Chapel, Florida.

### JURISDICTION AND VENUE.

3. The cause of action in this case is legal malpractice in the performance of representation before this Court, a subject matter over which this court has jurisdiction. Upon information and belief, Wasylik is a member of the Virginia State Bar and was a resident of and maintained an office in Fairfax, Virginia at the time of the incident that is the object of this action.

4. The malpractice committed by Wasylik occurred in this Court, and the underlying

1



transaction was brought in Fairfax. Therefore, venue is proper in this Court. Additionally, the property that was the subject of the litigation for which Laios engaged Wasylik is located in Fairfax County.

## FACTS

5. Laios engaged Wasylik to recover the proceeds of a $63,000.00 loan (the "Loan") made by Laios secured by a deed of trust on property located at 14469 Cool Oak Lane, Centreville, Virginia (the "Property").

6. At Laios's request, Wasylik filed suit against four defendants on or about December 26, 2001 (Law Case No. 200755 in this Court). These defendants were MGM Settlements, Inc. ("MGM"), a title settlement agency; Grethel M. Valverde, president of MGM; SLH Consulting, Inc. ("SLH"), the maker of the Note; and Steven L. Harrell ("Harrell"), the principal of SLH.

7. In August 2000, Laios made the Loan to SLH to be secured by a first deed of trust to enable SLH to purchase the Property.

8. Using the proceeds, Harrell, on behalf of SLH, purchased the Property.

9. Neither Harrell nor SLH made any payments on the Loan.

10. In November 2000, Harrell had SLH, with the assistance of MGM, sell and convey the Property to Jatinder Vohra.

11. Following the transaction, MGM offered to disburse to Laios a check for $53,614.27 from the settlement proceeds of the sale of the Property from Harrell to Vohra. A copy of the check has been attached to this Complaint as Exhibit A. Therefore, MGM had actual knowledge of Laios's right to the settlement proceeds. MGM's dispute was only over the amount owing to Laios.

2

12. In the complaint prepared by Wasylik, Laios alleged that MGM purported to hold a settlement on the transfer of the Property from SLH to a third party.

13. Laios further alleged that MGM, SLH, and Harrell conspired to deprive him of the proceeds of the settlement, to represent falsely that he would be paid his proceeds at closing, and to represent to third parties that Laios would be and/or had been paid the obligations under the Loan.

14. Specifically, Laios alleged breach of contract, breach of fiduciary duty, and misrepresentation and fraud against MGM.

15. To date, MGM has not paid any amount to Laios with respect to this transaction.

16. On March 24, 2003, with the consent of Laios, Wasylik moved for a nonsuit against MGM and Valverde. The Order for Entry of Nonsuit allowed Laios six months from the date of the order to re-file his claims against MGM and Valverde.

17. That same day, Laios obtained judgment against Harrell and SLH in the amount of $63,000.00. This amount represents only a fraction of what Laios sought from the suit. To date, Laios has been unable to recover any funds related to this judgment.

18. On or about March 25, 2003, Wasylik mailed MGM a demand letter noting losses of approximately $100,000 and threatening suit by April 24, 2003.

19. Despite Laios' explicit instructions, Wasylik failed to re-file suit against MGM within six months.

20. As a result of Wasylik's negligence in failing to timely re-file against MGM and Valverde, Laios is barred from seeking recovery against MGM and Valverde.

## COUNT I – LEGAL MALPRACTICE

21. Laios incorporates by reference paragraphs 1-20 of the complaint as if fully set forth herein.

22. Laios has an attorney-client relationship with Wasylik with respect to the claim against MGM and Valverde.

23. Part of Wasylik's obligation with respect to that relationship was the faithful representation of his client.

24. Laios requested that suit be re-filed against MGM and Valverde.

25. Wasylik breached his obligation to his client by failing to re-file the suit against MGM and Valverde in a timely fashion.

26. As a result of Wasylik's breach, Laios is barred from recovery against MGM and Valverde and has suffered damage.

## COUNT II – BREACH OF CONTRACT

27. Laios incorporates by reference paragraphs 1-26 of the complaint as if fully set forth herein.

28. Wasylik undertook representation of Laios in Laios's pursuit of MGM and Valverde.

29. As part of that representation, Wasylik agreed to re-file suit against MGM and Valverde following the Order for Entry of Nonsuit.

30. Wasylik breached his agreement by failing to re-file the suit in a timely fashion.

31. As a result of Wasylik's breach, Laios is barred from recovery against MGM and Valverde and has suffered damage.

## REQUEST FOR RELIEF

WHEREFORE, Laios demands judgment against Wasylik in an amount to be determined at trial, but not less than $53,614.27, an award of punitive damages in the amount of $350,000.00, with prejudgment interest, as well as attorneys' fees and costs and any further relief this Court deems just and proper.

EDWARD T. LAIOS

By: _____
Of Counsel

Joseph R. Mayes (VSB No. 13944)
Alexander C. Graham, Jr. (VSB No. 15800)
Thomas J. McKee, Jr. (VSB No. 68427)
Samuel T. Towell (VSB No. 71512)
WILLIAMS MULLEN
P.O. Box 1320
Richmond, VA 23218-1320
Telephone: 804.643.1991
Facsimile: 804.783.6507

5

## VERIFICATION

I am Edward T. Laios, plaintiff in the above-captioned action. I have read the accompanying complaint and know its contents. I hereby certify that the factual allegations of the complaint are true of my own knowledge, except as to matters stated upon information and belief, and as to such matters they are true to the best of my knowledge and belief.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: December 21, 2007

Name: Edward T. Laios

Title: _____

1518566v2

**MGM SETTLEMENTS, INC.**
[address illegible]
PHONE [illegible] FAX [illegible]

November 2, 2000

EDWARD T. LAIOS

ATTN:   LOAN PAYOFF DEPARTMENT

RE: YOUR LOAN #:       PRIVATE LOAN
OWNER:                 SLH CONSULTING, INC.
PROPERTY ADDRESS:      14469 COOL OAK LANE, CENTREVILLE, VA 20121
OUR FILE #:            V20160

Enclosed please find our escrow account check in the amount of $53,614.27, representing the full payoff of the captioned loan as request on your payoff letter.

Please complete and execute the enclosed Certificate of Satisfaction and return it to us with your original paid Note, if available. In this regard, please note that Virginia Code Section 55-66.3(A) (1) requires that you forward the executed Certificate of Satisfaction and the Original Note marked "PAID IN FULL" within 90 days of satisfaction of the secured debt, you will be required to forfeit the $300.00 penalty provided in the cited Code Section.

If you choose to forward the certificate directly to the specified courthouse, please send us a copy so that we are able to verify delivery and recordation with the courthouse directly. Once the recorded release is filed, please send us a copy.

Call us if you have any questions regarding the enclosed payoff check or the completion of the release materials in this matter. Thank you for your cooperation.

Very truly yours,

MGM Settlements, Inc.

*[signature]*

Grethel M. Valverde

EXHIBIT A