IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

Edward T. Laios,          )
    Plaintiff,         )
                    )
                    )  Case No. 08-112 (GBL)
v.                        )
                    )
Michael A. Wasylik,       )
    Defendant.         )

**MEMORANDUM ORDER**

THIS MATTER is before the Court on Defendant, Michael A. Wasylik's Motion to Dismiss or, in the alternative, Motion for Summary Judgment. Plaintiff, Edward T. Laios, claims that Michael Wasylik, his attorney, committed legal malpractice and was in breach of contract after Wasylik failed to refile a lawsuit within the applicable statute of limitations. The issue before the Court is whether Laios's suit is time barred under the statute of limitations. The Court grants Wasylik's Motion for Summary Judgment because the parties entered into an oral contract effectively time barring this suit under the three year statute of limitations for oral contracts.

## I. BACKGROUND

In 2001, Laios sought legal assistance from James M. Loots, an attorney licensed in the District of Columbia, who had represented Laios on prior occasions. (Decl. James M. Loots, ¶ 1, Feb. 22, 2008.) Loots, who is not licensed to practice law in

1

Virginia, referred Laios to Wasylik. (Decl. James M. Loots, ¶ 1.) On December 19, 2001, Laios and Wasylik met and discussed filing a lawsuit to recover the proceeds of a loan against MGM Settlements, Inc., Grethel Valverde, SLH Consulting, Inc., and Steven L. Harrell (hereinafter "MGM lawsuit"). (Compl. ¶ 6.) The next day, December 20, 2001, Wasylik sent Loots a letter stating that he met with Laios the previous day. (Mem. in Opp'n to Def.'s Mot. to Dismiss at 1.) In the letter, Wasylik confirms that he filed a complaint on behalf of Laios on December 19, 2001, and reiterated the fee agreement between the parties, wherein Loots would pay Wasylik $125.00 per hour in cash, up to a limit of $1,000 through December 31, 2001, for legal services provided by Wasylik to Laios. Wasylik also stated that he had already incurred $232.00 in expenses for the filing fees and process service fee for filing the suit on behalf of Plaintiff. At the end of the letter was the typed name "Mike Wasylik." There was no handwritten signature on the letter produced in this case. (Mem. in Opp'n, Ex. 1.) Laios and Wasylik never signed a written fee agreement. (Decl. Michael Alex Wasylik, Feb. 9, 2008.)

Wasylik litigated the MGM lawsuit from December 19, 2001, the day he filed the complaint, through March 24, 2003. On March 24, 2003, Wasylik, with the consent of Laios, moved for nonsuit. (Compl. ¶ 16.) Wasylik had six months to refile claims; however,

2

he failed to do so.   (Id. ¶ 19.)

Laios filed a complaint against Wasylik in the Virginia Circuit Court of Fairfax County alleging legal malpractice and breach of contract.  Wasylik removed the case to federal court and is presently seeking dismissal of the claim pursuant to Federal Rule of Civil Procedure (12)(b)(6), or, in the alternative, for summary judgment pursuant to Federal Rule of Civil Procedure 56©.


## II. DISCUSSION

### A. Standard of Review

1.   Fed. R. Civ. P. 12(b)(6) - Failure to State a Claim Upon Which Relief May Be Granted

Federal Rule of Civil Procedure 12(b)(6) motions should be granted unless an adequately stated claim is "supported by showing any set of facts consistent with the allegations in the complaint." FED. R. CIV. P. 12(b)(6); *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1969 (2007).  In considering a Rule 12(b)(6) motion, the Court must construe the complaint in the light most favorable to the plaintiff, read the complaint as a whole, and take the facts asserted therein as true.  *Mylan Labs, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993).  Additionally, courts must consider the complaint in its entirety, as well as other sources, such as documents incorporated into the complaint

by reference, and matters of which a court may take judicial notice. *Tellabs v. Makor Issues & Rights*, 127 S. Ct. 2499, 2509 (2007). Conclusory allegations regarding the legal effect of the facts alleged need not be accepted. *Labram v. Havel*, 43 F.3d 918, 921 (4th Cir. 1995). Because the central purpose of the complaint is to provide the defendant "fair notice of what the plaintiff's claim is and the grounds upon which it rests," the plaintiff's legal allegations must be supported by some factual basis sufficient to allow the defendants to prepare a fair response. *Conley v Gibson*, 355 U.S. 41, 47 (1957).

      2.   <u>Fed. R. Civ. P. 56(c) – Summary Judgment</u>

Under Rule 56(c) the Court must grant summary judgment if the moving party demonstrates that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). In reviewing a motion for summary judgment, the Court views the facts in a light most favorable to the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1996). Once a motion for summary judgment is properly made and supported, the opposing party has the burden of showing that a genuine dispute exists. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that

4

there be no genuine issue of material fact. *Anderson*, 477 U.S. at 248. A "material fact" is a fact that might affect the outcome of a party's case. *Anderson*, 477 U.S. at 248; *JKC Holding Co. v. Wash. Sports Ventures, Inc.*, 264 F.3d 459, 465 (4th Cir. 2001).

Whether a fact is considered to be "material" is determined by the substantive law, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248; *Hooven-Lewis v. Caldera*, 249 F.3d 259, 265 (4th Cir. 2001). A "genuine" issue concerning a "material" fact arises when the evidence is sufficient to allow a reasonable jury to return a verdict in the nonmoving party's favor. *Anderson*, 477 U.S. at 248. "Rule 56(e) requires the nonmoving party to go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex Corp. v. Catrett,* 477 U.S. 317, 324 (1986).

## B. Analysis

This Court grants Wasylik's Motion for Summary Judgment because Laios's complaint was not filed within the applicable statute of limitations for the oral contract formed. The Court grants Wasylik's Motion for Summary Judgment because the Court looks outside the pleadings to come to its decision. In Virginia, the applicable statute of limitations for legal

malpractice suits are the statute of limitations for breaches of
contracts. *MacLellan v. Throckmorton*, 367 S.E.2d 720, 721 (Va.
1988) (relying on *Oleyar v. Kerr*, 225 S.E.2d 398, 399 (1976));
*Federal Deposit Ins. Corp. v. Cocke*, 7 F.3d 396, 403 (4th Cir.
1993). If the parties enter into a written contract, signed by
the party to be charged, or by his agent, the statute of
limitations is five years. VA. CODE ANN. § 8.01-246(2)(2007); *see
generally Richmond Standard Steel Spike & Iron Co. v.
Chesterfield Coal Co.*, 160 F. 832, 834 (4th Cir. 1908)(stating
there was no written contract where the party to be charged did
not sign the contract but had its typewritten name on the
contract); *Tyler Gilman Corp. v. Williams*, 221 S.E.2d 129, 131
(Va. 1976)("the listing of a stale debt upon an unsigned
corporate financial statement . . . has been held not to
constitute an acknowledgment sufficient to support a new promise
to pay the debt"). However, if the parties enter into an
unwritten contract, express or implied, the statute of
limitations is three years. Id. § 8.01-246(4).

In order to constitute a written contract the "essential
terms of the agreement must be obvious on the face of the writing
without recourse to parol evidence." *Janus v. Sproul*, 458 S.E.2d
300, 301 (Va. 1995)(citing *Rahm v. Klerner*, 37 S.E. 292, 293 (Va.
1900)); *see Beekman v. Cornhusker Farms*, 333 N.W.2d 918, 920
(Neb. 1983)("[I]f a written agreement is so indefinite as to

6

necessitate a resort to parol testimony to make it complete, the statute of limitations concerning contracts not in writing would be applicable.")(citations and internal quotations omitted). When the parties could have easily drafted a document that would have constituted a written contract, but did not, the writings created after the initial oral contract was written "merely . . . memorialize the oral contract but do not merge it into a written contract." *Digital Support Corp. v. Avery*, 49 Va. Cir. 324, 1999 WL 796745 1 (Va. Cir. Ct. July 13, 1999).

In *Marley Mouldings Inc. v. Suyat*, the court applied the *Newport News* "complete and concluded" standard to determine whether an attorney and client entered into an oral or written contract for purposes of calculating the statute of limitations. 970 F. Supp. 496, 499 (W.D. Va. 1997)(relying on *Newport News Hampton & Old Point Dev. Co. v. Newport News Street Ry. Co.*, 32 S.E. 789, 790 (Va. 1899). The plaintiff, Marley Mouldings, wanted to bring a legal malpractice claim against a law firm, Flehr, Hohbach, Test, Albritton & Herbert ("Flehr, Hohbach") that provided services in connection to patent applications. *Marley Mouldings*, 970 F. Supp. at 497. Marley Mouldings produced three letters as evidence of a written contract between the parties. The first was sent from DG Shelter Products (Marley Mouldings' predecessor) to Flehr, Hohbach asking the firm to review a patent process. *Id.* at 499. The second letter was sent from Flehr,

7

Hohbach to Marley Mouldings confirming that a request for a novelty search on the patent application had been sent as discussed in an earlier meeting. *Id.* The final letter was from Reginald Suyat, an attorney at Flehr, Hohbach, to DG Shelter with a draft of the actual application for the patent. *Id.* The court held that the three letters did not amount to a written agreement because the court had to imply several terms, the subject matter of the contract was ambiguous, and there was no agreement as to consideration or duration of services. *Id.* The court concluded that there was a "definite impression that there must be something more to the contract" and as a result, the court deemed the letters insufficient to constitute a written contract because the letters were not "complete and concluded." *Marley Mouldings,* 970 F. Supp. at 500.

Similarly, the court in *Lockney v. Vroom* was also asked to determine whether the plaintiff, Lockney, had entered into a written or oral contract with Vroom, an attorney working for Lascara & Associates. 61 Va. Cir. 359, 2003 WL 22382577 1 (Va. Cir. Ct. Mar. 21, 2003). Lockney met with Vroom and discussed the possibility of filing a lawsuit against Lockney's former employer. *Id.* At the meeting, Lockney paid Lascara & Associates a $300.00 retainer. *Id.* Ten days later, Vroom forwarded to Lockney a "Fee and Cost Agreement." In the agreement Vroom stated the fees the firm would charge regarding the specific

8

suit.  *Id.*  Vroom signed the letter, sent it to Lockney, who also signed the agreement, and returned it to Vroom.  *Id.*
Additionally, a subsequent letter was sent from Vroom to Lockney identifying the legal issues and requesting further information. *Id.* at 3.  The court held that the legal matters addressed in the letters were governed by the five year statute of limitations. *Id.* at 4.  However, the other legal matters that were discussed between the parties but were not committed to writing were governed by the three year statute of limitations.  *Id.*

Here, Laios and Wasylik entered into an oral contract on December 19, 2001, when the parties agreed that Wasylik would represent Laios in the MGM lawsuit.  The next day, Wasylik wrote a letter to Loots informing him of the terms of Laios and Wasylik's agreement.  The December 20, 2001, letter states "[f]irst, we agreed that I would file yesterday, as I did, the suit against MGM Settlements, et al. in the Fairfax County Circuit Court."  The letter then states "[j]ust for your records, our fee agreement is that you will pay me $125.00 per hour . . . up to a limit of $1000.00 through December 31, 2001 . . . . ." Finally, the letter concludes "[t]o date, I have incurred expenses totaling $232.00 in filing fees and process service fees for the MGM filing."  (Mem. in Opp'n to Def.'s Mot. to Dismiss, Ex. 1.)

Wasylik's letter to Loots cannot be deemed to constitute a

written contract between Laios and Wasylik. First, the letter suggests that Laios and Wasylik reached an agreement at their meeting on December 19, 2001. During their meeting they discussed the lawsuit and Wasylik filed suit on that day, December 19th, before the letter to Loots was written. The letter to Loots was written solely for Loots's records. Furthermore, the letter cannot be considered a written contract between Wasylik and Laios because Wasylik sent and addressed the letter to Loots, not to Laios. Additionally, Laios's sworn declaration submitted to the court in relation to this motion provides further evidence that during his meeting with Wasylik on December 19, 2001, they entered into an oral agreement because they agreed on terms of the lawsuit. Laios stated that "Mr. Wasylik and I discussed the terms of his engagement and arrived at agreement on those terms." (Decl. of Edward T. Laios, ¶ 5, Feb. 28, 2008.)

Wasylik's letter to Loots cannot be construed as "complete and concluded" as required by *Marley Mouldings*. Here, like in *Marley Mouldings*, there was no duration of representation included in the letter from Wasylik to Loots. The only date mentioned in the letter was December 31, 2001, thus, there is no indication of how long the representation would last past December 31, 2001. Furthermore, other vital terms of an attorney-client contract were missing from the letter such as the

obligations of the attorney and the client, whether the representation was fee-based or contingent, or what retainer fee was required. Because of the multitude of terms missing from the letter, the Court cannot consider the letter to be "complete and concluded." For this Court to determine that the letter was a written contract, parol evidence must be used to fill in the essential terms of the agreement. Similar to *Janus*, this Court cannot find that the letter was a written contract because the essential terms of the agreement must be obvious on the face of the writing without recourse to parol evidence.

The letter from Wasylik to Loots cannot be considered a written contract because unlike in *Lockney*, the parties here did not clearly establish an intent to replace the oral agreement with a written agreement since Laios and Wasylik never signed any written fee agreement. The Court finds that the letter sent from Wasylik to Loots did not bear Wasylik's signature. Just as *Richmond Standard Steel Spike & Iron Co.* held, this Court finds that the typewritten name "Mike Wasylik" is not the equivalent of Wasylik's signature. Thus, the letter was not signed by the party to be charged. Also, unlike the attorney in *Lockney*, Wasylik did not send the letter to Laios, instead, he sent the letter to a third party. Similar to *Digital Support Corp. v. Avery*, the letter did not merge the oral contract into a written contract. The letter from Wasylik to Loots, if anything, only

11

memorialized the terms of Laios and Wasylik's oral contract.

Laios also argues that the date the statute of limitations began to run is a material fact in dispute and summary judgment should not be granted. The date the statute of limitations began is not a material fact because either date suggested by the parties in their motions, March 24, 2003, or September 24, 2003, will be barred by the three year statute of limitations for oral contracts.

As a result, this Court finds that the letter written on December 20, 2001, does not constitute a written agreement nor does the Wasylik letter supplant the oral discussions that took place on December 19, 2001. On December 19, 2001, Laios and Wasylik entered into an oral contract; therefore, the statute of limitations is three years. Since this suit was filed outside the three year statute of limitations, the lawsuit is time barred and is accordingly dismissed.


### III. CONCLUSION

The Court holds that Laios and Wasylik entered into an oral contract on December, 19 2001, and the statute of limitations for the oral contract is three years. Laios filed suit after the expiration of the statute of limitations; therefore, Wasylik's Motion for Summary Judgment is granted and the case is dismissed.


12

For the foregoing reasons, it is hereby

ORDERED that Wasylik's Motion for Summary Judgment is GRANTED.

The Clerk is directed to enter a Federal Rules of Civil Procedure 58 final judgment in favor of Michael A. Wasylik and against Edward T. Laios in a separate judgment order.

The Clerk is directed to forward a copy of this Order to Counsel.

ENTERED this 2nd day of April, 2008.

/s/
Gerald Bruce Lee
United States District Judge

Alexandria, Virginia
04/02/08

13